Chen v. Sessions

BIA
A073 489 668

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
            *Circuit Judges.*
_____

JINXIA CHEN,
            *Petitioner,*

        v.                                      14-736
                                                NAC

JEFFERSON B. SESSIONS, III,
UNITED STATESATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:            Jan Allen Reiner, New York, New
                           York.

FOR RESPONDENT:            Joyce R. Branda, Acting Assistant
                           Attorney General; Eric W.
                           Marsteller, Senior Litigation
                           Counsel; Rachel L. Browning, Trial
                           Attorney, Office of Immigration
                           Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinxia Chen, a native and citizen of China, seeks review of a February 11, 2014, decision of the BIA denying her motion to reopen as untimely and number barred. *In re Jinxia Chen,* No. A073 489 668 (B.I.A. Feb. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Chen moved to reopen her exclusion proceedings to present new evidence in support of her claimed fear of persecution based on the births of her children in the United States purportedly in violation of China's population control program.

It is undisputed that Chen's motion to reopen was untimely and number barred because it was her fifth motion to reopen filed more than seventeen years after her deportation order became final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not

2

apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Chen failed to demonstrate materially changed country conditions excusing the untimely and number barred filing of her motion.  *See* 546 F.3d at 159-66, 169-73 (noting that country conditions evidence from 1998 to 2007 indicated that enforcement of family planning policy was generally lax in Fujian Province with isolated reports of force being used); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  Chen also failed to demonstrate a material change in the economic penalties used to enforce China's population control policy given evidence that heavy fines have

3

been levied for violations since before her 1995 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10242016-20